**XI LI, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

**No. 05–0186–ag.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Xi Li, Brooklyn, N.Y, for Petitioner, pro se.

Carl J. Boykin, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Xi Li ("Li"), a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeal's ("BIA's") decision affirming an Immigration Judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented for review, which we reference only as necessary to explain our decision.

We review an IJ's decision directly as the final agency determination where, as here, the BIA summarily affirms, without opinion, the results of that decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

Several of the grounds upon which the IJ found Li not credible are not supported in the record. First, the IJ found it "difficult to understand" why Li and his wife would have had their first son born in a government hospital, given that they were too young to have children legally. The IJ did not credit Li's explanation that

hospital records remain private, stating that "it is quite clear that the hospital is, in a sense, part of the government, and there is no reason to think that a hospital in China would operate independently with strong protections for personal records, privacy, et cetera, in terms of enforcing any national policy." Because this finding is not supported by any evidence, we cannot say that it satisfies the substantial evidence standard. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) ("Adverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible.").

■ Second, the IJ found it "difficult to understand" why the parents of Li's wife would have permitted Li to live with her unmarried in their home even though she was only 15 years old. The IJ's speculation as to how Li's parents-in-law would react to out-of-wedlock cohabitation in their home is insufficient to support an adverse credibility finding. *See id.*

■ Third, the IJ engaged in conjecture in opining that doctors would not have inserted an IUD into Li's wife if she was bleeding too badly to be sterilized. The IJ did not reference any medical evidence to support this assertion, and Li's testimony on this point is not so "inherently improbable" that it can, without more, form the basis for an adverse credibility finding. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

■ Finally, the IJ impermissibly based his credibility finding on perceived inconsistencies in Li's explanation as to why he was in Pittsburgh when he received his Notice to Appear. Even if Li's explanation seems difficult to believe, it hardly goes to the "heart" of his asylum claim. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Although an IJ may rely on such tangential discrepancies where an applicant's testimony is otherwise "replete with inconsistencies," *see Jin Yu Lin v.*

*U.S. Dep't of Justice*, 413 F.3d 188, 190 (2d Cir.2005), we cannot say that, absent the numerous errors already mentioned, the IJ would not find Li's testimony "generally consistent, rational, and believable." *Diallo*, 232 F.3d at 288; *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401, 406 (2d Cir.2005) (finding that vacatur is appropriate where "the erroneous aspects of the IJ's reasoning are not tangential to the findings she made and ... the evidence supporting her findings is not so overwhelming that it is clear she would reach the same results on remand").

The petition for review is therefore GRANTED, the order of removal is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The motion for stay of removal is DENIED as moot.